## NATIVE v. HAVERTY FURNITURE CO.
### No. 14662.

Court of Appeal of Louisiana. Orleans.
April 23, 1934.

Wm. J. Guste, of New Orleans, for appellant.

John A. Woodville, of New Orleans, for appellee.

WESTERFIELD, Judge.

Angelina Native, a negro washerwoman, purchased from the Haverty Furniture Company a bed, bed spring, mattress, dressing table, and bench for the sum of $64.25 and agreed to pay for the furniture on the installment plan. She made a number of payments but evidently without sufficient regularity because on the 8th day of March, 1933, the Haverty Furniture Company removed the furniture from her residence to their place of business. Thereafter Angelina Native brought this suit claiming $300 as damages for the alleged unlawful removal of her property.

The trial court allowed $150 and defendant has appealed.

The sole question, one of fact, is whether the consent of Angelina Native had been obtained before the furniture was removed, for without such consent the defendant is clearly liable in damages for the seizure of the furniture without resorting to process of law.

On behalf of defendant it is contended that a written agreement was entered into with a person whom they believed to be Angelina Native, but who it afterwards developed was her daughter, for the return of the furniture in discharge of the balance of the purchase price. This agreement, it is alleged, was signed with a cross-mark because of the inability of the person signing it to write her name.

On the trial of the case the plaintiff and her daughter and another occupant of the house denied that any agreement, written or verbal, had been made with the defendant to the effect claimed. This testimony prevailed with the court, a qua, over that of the agents of the defendant to the contrary. It developed on the trial that both Angelina Native and her daughter, Anna Lindsey, could sign their names and did so in the presence of the court. In our opinion it is exceedingly unlikely that any one with the ability to write would pretend otherwise, particularly if her education did not extend much beyond that point, as is apparently the case here. We see no reason to disturb the finding of the trial court on the issue of fact.

Defendant contends that the amount allowed plaintiff is excessive. The plaintiff is a very humble member of society whose sensibilities may not be as highly developed as those of others more fortunately situated, nevertheless, we cannot countenance or condone the invasion of the legal rights of the humblest citizen. However, we believe that $150 is somewhat excessive and should be reduced to $100.

For the reasons assigned, the judgment appealed from is amended by reducing the amount allowed from $150 to $100, and, as thus amended, it is affirmed.

Amended and affirmed.